Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000181
26-JUN-2013
10:23 AM

NO. CAAP-13-0000181

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KEITH MURAUSKAS, Plaintiff-Appellee,
v.
DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAI'I,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1272-06)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Plaintiff-Appellant Keith Murauskas's (Appellant Murauskas) appeal from the Honorable Edwin C. Nacino's March 21, 2013 "Order Denying (1) Plaintiff-Appellant's Motion to Strike from the Record 'Defendant Department of Public Safety, State of Hawaii's Motion for Summary

Judgment;' [sic] Plaintiff-Appellant's Motion for Recusal (Filed September 4, 2012); and (2) Plaintiff-Appellant's Motions for Reconsideration/to Order the Defendant for the Third Time to Allow the Plaintiff Access to the Court/to Order the Clerk of the Court to Serve the Defendant-Appellee These Motions (Filed September 4, 2012)" (hereinafter referred to as "the March 21, 2013 interlocutory order"), because the March 21, 2013 interlocutory order is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the

requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Id.</u> at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-13-0000181 was filed on May 8, 2013, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the March 21, 2013 interlocutory order is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under the <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848), doctrine (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b), the March 21, 2013 interlocutory order does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, and HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an

-3-

appeal from an interlocutory order). Therefore, the March 21, 2013 interlocutory order is not an appealable order.

Absent an appealable separate judgment, Appellant Murauskas's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0000181. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000181 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 26, 2013.

Chief Judge

Associate Judge

Associate Judge